# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA DIVISION

| | |
|---|---|
| DODARO, MATTA & CAMBEST, P.C., DMC BRADLEY, MICHAEL J. HAMMOND, and STEVEN M. TOPRANI, | Civil Action No. Docket No. 2:20-cv-169 |
| Plaintiffs, | |
| v. | **Electronically Filed** |
| CATLIN INSURANCE COMPANY, INC., and QBE INSURANCE CORPORATION, | |
| Defendants. | |

## **COMPLAINT IN DECLARATORY JUDGMENT**

AND NOW, come Plaintiffs, DODARO, MATTA & CAMBEST, P.C., DMC BRADLEY. MICHAEL J. HAMMOND, and STEVEN M. TOPRANI, by and through their attorneys, Dickie, McCamey & Chilcote, P.C., and Joseph Luvara, Esquire, and files this Complaint in Declaratory Judgment.

1. This is an action for declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, for the purpose of determining a question of actual controversy among the parties: specifically whether Defendants, Catlin Insurance Company, Inc. (hereinafter "Catlin") and QBE Insurance Corporation (hereinafter "QBE") should provide insurance coverage, a defense under the policies, and indemnification to Plaintiffs for claims raised by the parties in the matters consolidated before this Court at case number 2:19-CV-0854.

**PARTIES AND JURISDICTION**

2. Plaintiff Dodaro, Matta & Cambest, P.C. is a Pennsylvania Professional Corporation with a principal place of business located at 1900 Main Street, Suite 207 Canonsburg, PA 15317.

3. Plaintiff DMC Bradley is an affiliate of Plaintiff Dodaro, Matta & Cambest, P.C. with the same address as set forth in Paragraph 2 of this Complaint.

4. Plaintiff Michael J. Hammond at all times relevant was an employee of Plaintiff Dodaro, Matta & Cambest, P.C. and of DMC Bradley with a professional address located at 1900 Main Street, Suite 2004, Canonsburg, PA 15317.

5. Plaintiff Steven M. Toprani at all times relevant was an employee of Plaintiffs Dodaro, Matta & Cambest, P.C. and of DMC Bradley with a former professional address of 1900 Main Street, Suite 2007, Canonsburg, PA 15317.

6. Defendant Catlin Insurance Company, Inc. ("Catlin") is a corporation organized under the laws of the state of Texas with a principal place of business located at 3340 Peachtree Road N.E., Tower Place 100, Suite 2950, Atlanta, GA 30326.

7. Defendant QBE Insurance Corporation ("QBE") is corporation organized under the laws of the state of Delaware with a principal place of business located at 55 Water Street, New York, NY, 10041.

8. As more fully set forth below, the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs.

9. Complete diversity of citizenship exists between the parties and this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

**FACTUAL BACKGROUND**

10. Plaintiffs are insureds under a Lawyers Professional Liability Policy issued by Catlin with a policy period from July 1, 2018 through July 1, 2019 (the "Catlin Policy"), bearing policy No. LPD-10646-0718, attached hereto as Exhibit "1."

11. Plaintiffs are insureds under a Commercial Lines Policy issued by QBE with a policy period from July 1, 2019 through July 1, 2020 (the "QBE Policy"), bearing policy No. LAW-10123-00, attached hereto as Exhibit "2."

12. Plaintiffs received a letter dated May 21, 2019, from counsel for alleged purported Plaintiffs threatening a lawsuit against former clients of Plaintiffs. The letter referenced one potential Plaintiff, only, Michael K. Geller.

13. Plaintiffs notified Catlin of a potential claim by Michael Geller on July 31, 2019 by sending a copy of the demand letter dated May 21, 2019 to Catlin, demanding a defense and indemnification in the event any lawsuit was filed.

14. By letter dated September 17, 2019 Catlin declined coverage under the Catlin Policy due to an alleged failure by Plaintiffs to provide proper written notice to Catlin of a potential claim prior to the expiration of the Catlin Policy or any "tail" coverage.

15. By letter dated October 8, 2019 Plaintiffs tendered claims related to lawsuits filed by Donald Porreca, Ronald Schmeiser, and Ryan Seifert to Catlin Policy and demanded a defense and indemnification coverage from Catlin.

16. On December 2, 2019, Plaintiffs tendered a claim related to a lawsuit brought by Darren Burrows to Catlin and requested coverage and a defense and indemnity under the Catlin Policy.

17. By letter dated December 13, 2019, Catlin again denied coverage for the lawsuits filed by Michael Geller, Donald Porreca, Ronald Schmeiser, Ryan Seifert, and Darren Burrows on the grounds that the claims were not timely reported to Catlin by Plaintiffs.

18. Plaintiffs tendered a notice of potential claim by Donald Porreca via electronic mail to QBE on July 24, 2019.

19. On August 19, 2019, QBE responded to Plaintiffs' letter by denying coverage for any claims related to Donald Porreca on the grounds that Plaintiffs failed to disclose a potential claim at the time Plaintiffs entered into the QBE Policy and because of an alleged specific exclusion based on claims related to the sale or solicitation of securities.

20. QBE also reaffirmed its denial of coverage by letter dated September 20, 2019.

21. On October 10, 2019, Plaintiff tendered claims related to lawsuits filed by Michael Geller, Ronald Schmeiser, and Ryan Seifert under the QBE Policy and demanded a defense and indemnification.

22. On November 4, 2019 QBE again denied any coverage for claims raised by Porreca, Geller, Schmeiser, or Seifert.

23. On December 3, 2019, Plaintiffs again notified QBE of a claim under the QBE policy arising out of a lawsuit filed by Darren Burrow and requested coverage and indemnity under the QBE Policy.

24. On December 17, 2019 QBE responded to Plaintiffs' demand by denying coverage under the QBE policy for the Burrow claim and again denying coverage for any claims under the Porreca, Geller, Schmeiser, or Seifert lawsuits on the grounds that the QBE Policy contains an exclusion for claims arising out of a dishonest, fraudulent, criminal, or malicious act of omission.

25. The lawsuits brought by Porreca, Geller, Schmeiser, Seifert, and Burrows involve substantially the same set of operative facts and were consolidated for discovery and trial by this Court at case no. 2:19-CV-0854,

26. Subsequently, a sixth lawsuit was filed by Plaintiff Jack Levin in the United States District Court for the Western District of Pennsylvania at Docket No. 2:20-CV-0079 naming, as party-defendants, among others, the Plaintiffs herein. That case has been consolidated with the other five cases at Docket No. 2:19-CV-0854, and Plaintiffs herein have placed these Defendants on notice of the *Levin* claim, have invited them to participate in the mediation scheduled for March 17, 2020, and are demanding a defense and complete indemnification to the fullest extent of their respective policies.

## **COUNT I: DECLARATORY JUDGMENT**

27. Plaintiffs hereby incorporates the preceding paragraphs as if set forth at length herein.

28. Plaintiffs are actively defending the lawsuits brought by Porreca, Geller, Schmeiser, Seifert, Burrows and Levin.

29. Plaintiffs timely tendered notice of the Geller claim and the subsequent Porreca, Geller, Schmeiser, Seifert, Burrows and Levin claims pursuant to the terms of the Catlin Policy.

30. Plaintiffs are entitled to defense and indemnity under the terms of the Catlin Policy and seeks a declaration from this Court that Catlin must provide coverage pursuant to the terms of the Catlin Policy.

31. Plaintiffs timely gave notice to Defendant QBE of the lawsuits brought by Porreca, Geller, Schmeiser, Seifert, Burrows and Levin pursuant to the terms of the QBE Policy.

32. The nature of the claims asserted in the lawsuits brought by Porreca, Geller, Schmeiser, Seifert, Burrows and Levin are not subject to the exclusion for claims arising out of a dishonest, fraudulent, criminal, or malicious act of omission.

33. Plaintiffs are entitled to a defense and indemnity under the terms of the QBE Policy and seeks a declaration from this Court that QBE must provide coverage pursuant to the terms of the QBE Policy.

WHEREFORE, Plaintiffs, Dodaro, Matta & Cambest, P.C. DMC Bradley. Michael J. Hammond, and Steven M. Toprani, respectfully requests this Honorable Court to enter a declaratory judgment in favor of the Plaintiffs and against Defendants, Catlin Insurance Company, Inc., and QBE Insurance Corporation, requiring that:

a) Defendant Catlin Insurance Company, Inc. and/or QBE Insurance Corporation provide a defense and complete indemnification to the full extent of the applicable insurance policy to the Plaintiffs to the conclusion of the six cases that have been filed thus far;

b) Defendants reimburse Plaintiffs for any and all attorney's fees and costs incurred by the Plaintiffs in defending the underlying six lawsuits from the date that Plaintiffs retained counsel to the date that Catlin Insurance Company, Inc. and/or QBE Insurance Corporation assumes the defense of the Plaintiffs and for prosecuting this Declaratory Judgment action.

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.

By: **/s/Joseph L. Luvara, Esq**
Joseph L. Luvara, Esquire
PA I.D. #46438

Linda V. Hernandez, Esquire
PA I.D. #88863

Paul A Roman, Jr., Esquire
PA I.D. #318855
Two PPG Place, Suite 400
Pittsburgh, PA  15222
(412) 281-7272

*Counsel for Plaintiffs, Dodaro, Matta & Cambest, P.C., DMC Bradley. Michael J. Hammond, and Steven M. Toprani*